Serial: **259500**

# IN THE SUPREME COURT OF MISSISSIPPI

### No. 89-R-99015-SCT

*IN RE: LOCAL RULES*

### EN BANC ORDER

This matter is before the Court, *en banc*, on the Motion to Amend or in the Alternative, Adopt Local Rule filed by Tomika H. Irving, Circuit Court Judge for the Twenty-Third Circuit Court District of Mississippi.

After due consideration, the Court finds that this motion should be granted.

IT IS, THEREFORE, ORDERED that the Motion to Amend or in the Alternative, Adopt Local Rule filed by Tomika H. Irving, Circuit Court Judge for the Twenty-Third Circuit Court District of Mississippi, is hereby granted. Local Rule 1 for the Twenty-Third Circuit Court District of Mississippi, attached as Exhibit A, is approved and effective upon entry of this Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall spread this Order upon the minutes of the Court and send a certified copy to West Publishing Company for publication in the advance sheets of *Southern Reporter, Third Series (Mississippi Edition)*, and in the next edition of the *Mississippi Rules of Court*.

SO ORDERED, this the _12_ day of November, 2025.

_____
JAMES D. MAXWELL II, JUSTICE


ALL JUSTICES AGREE.

# EXHIBIT A

## LOCAL RULE
## FOR
## TWENTY-THIRD CIRCUIT COURT DISTRICT OF MISSISSIPPI

RULE 1. PROCEDURE FOR APPOINTMENT OF COUNSEL FOR INDIGENT CRIMINAL DEFENDANTS

Pursuant to Rule 7.2(a)(1) of the Mississippi Rules of Criminal Procedure, the Court hereby establishes a procedure for the appointment of counsel for each indigent defendant entitled thereto.

**(a) Order of Appointment.** When the Court[1] has determined that a person is indigent, counsel is appointed and an order shall be entered to that effect in MEC and/or the court file.

**(b) Appointment of Public Defender.** In counties that have a public defender system, the public defenders shall represent all persons entitled to appointed counsel whenever authorized by law and able to do so. If the public defenders cannot represent the defendant, a private attorney shall be appointed.

**(c) Appointment of private attorneys.**

**(1)** Appointments of private attorneys shall be made on an impartial and equitable basis. The appointments shall be distributed among the attorneys on a rotation system. Cases shall be assigned to attorneys of sufficient experience, skill, and competence to render effective assistance of counsel to defendants. Complex cases shall be assigned to attorneys with sufficient levels of experience and competence to provide effective representation. Less-experienced attorneys should be assigned cases which are within their capabilities, but should be given the opportunity to expand their experience under supervision.

**(2)** The Court will maintain a court-appointed attorney list from which attorneys shall be appointed to represent indigent defendants. Attorneys may contact the Court Administrator and request that they be placed on, or removed from, the court-appointed list. The Court will make the court-appointed list of attorneys available upon request.

---

[1] The "Court" as used in this rule is the municipal court, the justice court, or the circuit court.

2

**(3)** The Court will generally attempt to appoint attorneys from the court-appointed attorney list on a rotational basis, subject to the Court's sole discretion to make exceptions due to:

(i)     the nature and complexity of the case;

(ii)    an attorney's experience;

(iii)   the nature and disposition of the defendant;

(iv)   a language consideration;

(v)    a conflict of interest;

(vi)   the availability of an attorney, taking into consideration an immediate need to address issues involved in the case;

(vii)  geographical considerations;[2]

(viii) attorney's foreign language proficiency; and

(ix)   other relevant factors that may be involved in a specific case.

**(4)** If the Court, in its sole discretion, varies from the rotational basis, it may appoint any qualified attorney, whether or not the attorney is on the court-appointed attorney list. If an attorney on the court-appointed attorney list is appointed outside the rotational basis established, that attorney's name shall be placed at the end of the rotation.

**(5)** The Court will monitor attorney performance on a continuing basis to ensure the competency of attorneys on the list. An attorney may be removed from the appointment list at the direction of the Court. If an attorney is under consideration for removal from the list, written notification will be given indicating the concerns with his or her performance which give rise to consideration for removal and the attorney will be given the opportunity to respond, in writing or in person, before a final decision is made. An attorney who has been removed from the list may be considered for reinstatement after the deficiencies contained in the notice have been resolved.

**(d) Compensation.** An attorney appointed to represent an indigent person is entitled to compensation for services rendered as provided by contract with the municipality or county or as provided by law.

**(e) Expenses.** As used herein the term "compensation for services" shall include any reasonable expenses necessarily incurred by appointed counsel in

---

[2] The Court may appoint an attorney who is in the closest geographical proximity to the court before considering the appointment of another attorney in order to avoid the costs of travel time for attorneys and mileage expenses, for the convenience of the defendant in consulting with a local attorney, and for the convenience of the Court in scheduling cases.

defense of an indigent client, including fees and expenses of expert or professional persons, provided that the incurring of such expenses has been approved in advance by the judge presiding, with approval within the sound discretion of the Court.

**(f) Continuing Legal Education.** The public defender and private attorneys appointed through the rotational system shall complete training or educational programs in the area of criminal defense accredited by the Mississippi Office of State Public Defender and the Mississippi Commission on Continuing Legal Education. Part-time attorneys shall complete 6 hours of such training and full-time attorneys shall complete 12 hours of such training.

**(g) Continuity of Appointment.** Any attorney who is appointed to represent a person in municipal court or justice court on a felony charge shall continue representing that person until indictment in circuit court and new counsel is appointed.[3]

(1)    The municipal court or justice court shall conduct the initial appearances and preliminary hearings on the felony charge and hear motions, for bond and motions to reduce bond (if municipal or justice court granted or denied bond), filed by the Defendant or his attorney *prior to indictment.*

(2)    The attorney appointed to represent an indigent person in circuit court shall remain counsel until withdrawal is granted and new counsel is substituted. *See* MRCrP Rule 7.2(d).

**(h) Notice of Appointment.** Any attorney who is appointed to represent a person in municipal court or justice court on a felony charge shall notify the Circuit Court Administrator of that appointment within five (5) days of the date the defendant is bound over for consideration by the grand jury. Counsel shall notify the Circuit Court Administrator of the date of arrest, the charges, and bond conditions, if any.

**(i)** This rule shall stand repealed on and after January 1, 2027.

---

[3] The rule does not limit a municipal court's or justice court's authority to enter an order substituting counsel prior to indictment.